IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AASIM NASH,** : | |
|     **Petitioner,** : | **CIVIL NO. 1:CV-04-1974** |
| : | |
| **v.** : | **(Judge Kane)** |
| : | |
| **Superintendent SHANON, et al.,** : | |
|     **Respondents.** : | |

## M E M O R A N D U M

### I.   Introduction

Petitioner, Aasim Nash, an inmate currently incarcerated at SCI Frackville in Frackville, Pennsylvania, commenced a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that the sentencing judge abused his discretion and imposed an illegal sentence. The petition is ripe for disposition. For the following reasons, the petition will be dismissed as untimely

### II.  Background

The facts are undisputed. On March 29, 1999, Petitioner pled guilty to the offense of aggravated assault of a correctional officer. As a result of his plea, Petitioner was sentenced to eleven and a half (11 ½) to twenty-three (23) months imprisonment, followed by five (5) years probation. Petitioner did not appeal the sentence. On February 6, 2001, Petitioner's probation was revoked as the result of a violation, and Petitioner was sentenced to two (2) to seven (7) years imprisonment. Petitioner is challenging this sentence in the instant petition.

Although Petitioner did not file a direct appeal of this sentence, on August 7, 2002, Petitioner filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"). On March 17, 2003, the petition was dismissed as untimely. Petitioner did not file an appeal of the dismissal. Thereafter, Petitioner filed three additional PCRA petitions between April 2003 and December 2003.

Each of these petitions was dismissed as untimely.  The instant petition ensued. Respondent argues that the present action should also be dismissed as untimely.  The court agrees.

**III.    Discussion**

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Title I of the AEDPA consists of the Habeas Corpus Reform Amendments ("1996 Amendments").  Under the 1996 Amendments, a petitioner must meet the threshold requirements before bringing a habeas petition: (1) the Petitioner must demonstrate that the state remedies have been exhausted, and (2) the petition must be filed within the statutory deadline.  "[T]he statute of limitations (which is the issue before us in this case) and the exhaustion doctrine (which is not) impose entirely distinct requirements on habeas petitioners; both must be satisfied before a federal court may consider the merits of a petition."  Sweger v. Chesney, 294 F.3d 506, 518 (3d Cir. 2002), (quoting Tillema v. Long, 253 F.3d 494, 502(9th Cir. 2001)).

The provisions of § 2244(d)(1) impose a one-year statute of limitations on all habeas applications by persons "in custody pursuant to the judgment of a State court . . .", which runs from "the latest of -- (A) the date on which the judgment became final . . . (B) the date on which the impediment to filing . . . is removed . . . (C) the date on which the constitutional right asserted was initially recognized . . . or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 § 2244(d)(1). Under the provisions of § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

2

Since all four of Petitioner's PCRA actions were dismissed as untimely, they did not toll the one-year statute of limitations. See Schlueter v. Varner, 384 F.3d 69, 73 (3d Cir. 2004)(untimely petition for collateral relief does not toll statute of limitations).  Therefore, Petitioner's challenged sentence, imposed on February 6, 2001, became final after the expiration of the thirty-day appeal period on March 8, 2001.  Thus, by the time his current petition was filed in this Court, on September 7, 2004, the one-year limitations period had long since expired.  While the AEDPA's limitations period is subject to equitable tolling in certain limited situations, Miller v. New Jersey State Dep't. of Corrections, 145 F.3d 616, 620 (3d Cir. 1998), the record of this is devoid of facts that warrant extending the deadline for Petitioner to file in this Court.  Thus, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).  An appropriate order follows.

**IV.   Order**

**AND NOW, THIS 31st DAY OF JANUARY, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as untimely, pursuant to the provisions of 28 U.S.C. § 2244(d)(1)(A).

2. The Clerk of Courts is directed to mark this case **CLOSED**.

3. Based upon the foregoing, there is no basis for issuance of a certificate of appealability.

    S/ Yvette Kane
YVETTE KANE
United States District Judge